**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
MIDDLE DISTRICT OF LOUISIANA

Case number (if known): _____    Chapter **11**

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Relief Telemed, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-4242828** |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **7117 Florida Boulevard** **Baton Rouge, LA 70806-4549** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **East Baton Rouge** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | **https://relieftelemed.com/** |
|---|---|---|

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor  **Relief Telemed, Inc.**                                    Case number (*if known*)
_____Name_____

7. **Describe debtor's business**    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ■ None of the above

    B. *Check all that apply*

    ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
    See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __3341__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*

    ☐ Chapter 7
    ☐ Chapter 9
    ■ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

    ■ No.
    ☐ Yes.

    | | | |
    |---|---|---|
    | District _____ | When _____ | Case number _____ |
    | District _____ | When _____ | Case number _____ |

| Debtor | Relief Telemed, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____   Relationship _____
District _____   When _____   Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49              ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99             ☐ 5001-10,000        ☐ 50,001-100,000
☐ 100-199           ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☒ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion

Debtor  **Relief Telemed, Inc.**　　　　　　　　　　　　　　　　　　　　Case number (*if known*)
　　　　Name

　　　　　　☐ $50,001 - $100,000　　　　　☐ $10,000,001 - $50 million　　　☐ $1,000,000,001 - $10 billion
　　　　　　■ $100,001 - $500,000　　　　　☐ $50,000,001 - $100 million　　☐ $10,000,000,001 - $50 billion
　　　　　　☐ $500,001 - $1 million　　　　 ☐ $100,000,001 - $500 million　　☐ More than $50 billion

Debtor  **Relief Telemed, Inc.**        Case number (*if known*)
           Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 3, 2021**
              MM / DD / YYYY

X  **/s/ James Davis**                                    **James Davis**
   Signature of authorized representative of debtor         Printed name

Title  **Chief Technology Officer**

**18. Signature of attorney**

X  **/s/ Ryan J. Richmond**                               Date  **December 3, 2021**
   Signature of attorney for debtor                              MM / DD / YYYY

**Ryan J. Richmond**
Printed name

**Sternberg, Naccari & White, LLC**
Firm name

**251 Florida Street**
**Suite 203**
**Baton Rouge, LA 70801-1703**
Number, Street, City, State & ZIP Code

Contact phone  **(225) 412-3667**      Email address  **ryan@snw.law**

**30688 LA**
Bar number and State

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 5

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**(Local Form 1)**

In re  **Relief Telemed, Inc.**                                    Case No. _____

Debtor(s)

# MAILING LIST
## Verification

Penalties for making a false statement or for concealing property are a fine of up to $5000.00 or imprisonment for up to five (5) years, or both. (18 U.S.C. §152 and 3571).

## DECLARATION

**We declare under penalty of perjury that the foregoing mailing list, comprising  4  pages, is true and correct. Signed on  December 3, 2021  .**

Signed:   **/s/ James Davis**
          **James Davis**
          **Chief Technology Officer**

Signed:   **/s/ Ryan J. Richmond**
          **Ryan J. Richmond**
          **Sternberg, Naccari & White, LLC**
          **251 Florida Street**
          **Suite 203**
          **Baton Rouge, LA 70801-1703**
          Telephone: **(225) 412-3667**
          Facsimile: **(225) 286-3046**
          E-Mail: **ryan@snw.law**
          (ATTORNEY FOR THE DEBTOR)

(un)Common Logic  
5926 Balcones Drive  
Suite 130  
Austin, TX 78731

Alexandra M. Cumings  
1201 North Market Street, 16th Floor  
PO Box 1347  
Wilmington, DE 19899-1347

Blasia Rivet  
18332 Char-A-Banc Avenue  
Baton Rouge, LA 70817-5762

Breazeale, Sachse & Wilson, L.L.P  
P.O. Box 3197  
Baton Rouge, LA 70821

Breazeale, Sachse & Wilson, L.L.P.  
301 Main Street  
23rd Floor  
Baton Rouge, LA 70825

Calvin Mills, Jr.  
7117 Florida Blvd.  
Baton Rouge, LA 70806

Chad L. Prather, M.D.  
2785 E. Lakeshore Drive  
Baton Rouge, LA 70808-2151

Christopher Michael Meaux  
101 Oak Alley  
Lafayette, LA 70508-8135

David Kulick  
1900 Amelia Street  
New Orleans, LA 70115

David Olinde  
2957 Torrance Drive  
Baton Rouge, LA 70809-1555

Eric Lockridge - Kean Miller LLP  
II City Plaza  
400 Convention Street, Suite 700  
Baton Rouge, LA 70802

Franz N. Borghardt  
301 St Ferdinand Street  
Baton Rouge, LA 70802

Fulcrum Sales & Marketing, LLC  
203 Coco Palm Ct.  
Youngsville, LA 70592-6497

Gems Drugs
139 Central Avenue
Reserve, LA 70084

Gems Drugs
1635 Hwy 3125
Gramercy, LA 70052

GP Management Group LLC
19925 Stevens Creek Boulevard
Suite 100
Cupertino, CA 95014-2384

Graves Carley, LLP
2137 Quail Run Drive
Building B
Baton Rouge, LA 70808

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Isaac Thomas
3542 Evangeline Street
c/o Economic Freedom Association
Baton Rouge, LA 70805

James Milne
4911 Alhambra Circle
Miami, FL 33146-1600

James Scott Fargason
5261 Highland Road
Suite 350
Baton Rouge, LA 70808

John Olinde
2091 Siroco Lane
Melbourne, FL 32934-7615

Justin Mannino
450 Laurel Street
8th Floor
Baton Rouge, LA 70801

Kamal Cogineni
19987 Twilight Court
Cupertino, CA 95015-2304

Kamal Gogineni
940 Lundry Lane
Los Altos, CA 94024-5940

```
Louisiana Department of Revenue
P.O. Box 66658
Baton Rouge, LA 70896-6658

Namisha D. Patel
634 Connells Park Lane
Baton Rouge, LA 70806-6534

Namrock, L.L.C.
2828 Yorktown Drive
Baton Rouge, LA 70808-3457

Neighborhood Health, L.L.C.
P.O. Box 2471
Baton Rouge, LA 70821

Office of the U.S. Trustee
Texaco Center, Suite 2110
400 Poydras Street
New Orleans, LA 70130

Provost, Salter, Harper & Alford, L.L.C.
8550 United Plaza Boulevard
Suite 600
Baton Rouge, LA 70809

Rachana Patel
940 Lundy Lane
Los Altos, CA 94024-5940

Rajiv Puranik
19928 Twilight Court
Cupertino, CA 95014-2304

Rakesh Patel
940 Lundry Lane
Los Altos, CA 94024-5940

Ramesh Patel
940 Lundy Lane
Los Altos, CA 94024-5940

Ravi Korrapati
9537 Linden Tree Lane
Charlotte, NC 28277-6592

Ray's Pharmacy, Inc.
5822 C Monroe Hwy.
Ball, LA 71405

Research Park Corporation
7117 Florida Boulevard
Baton Rouge, LA 70806
```

```
Robert Earhart, II
11368 Core Lane
Baker, LA 70714-6629

Robert Ray
521 Hooper Road
Pineville, LA 71360

Ronald Andrews, MD
18923 E. Pinnacle Cir.
Baton Rouge, LA 70810-8907

Sagar Patel
332 Concord Drive
Menlo Park, CA 94025-2904

Sean M. Prados, FACHE
Prados & Associates
17732 Highland Road, Suite G-178
Baton Rouge, LA 70810

Sean Prados
18033 Inverness Avenue
Baton Rouge, LA 70810-5980

TWB Investment Partnership II, L.P.
1201 Third Avenue
40th Floor
Seattle, WA 98101

TWB Investment Partnership II, L.P.
838 Walker Road
Suite 21-2
Dover, DE 19904

Tyler J. Leavengood
1313 N. Market Street
6th Floor
Wilmington, DE 19801-6108

U.S. Attorney
Middle District of Louisiana
777 Florida Street, Suite 208
Baton Rouge, LA 70801

U.S. Securities & Exchange Comm.
Office of Reorganization
950 East Paces Ferry Road, Ste. 900
Atlanta, GA 30326-1382

Vishal Vasanji
2828 Yorktown Drive
Baton Rouge, LA 70808-3467
```

# UNANIMOUS WRITTEN CONSENT
# OF
# THE BOARD OF DIRECTORS
# OF
# RELIEF TELEMED, INC.

The undersigned, being all of the members of the board of directors (the "Board of Directors") of Relief Telemed, Inc., a Delaware corporation (the "Corporation"), pursuant to Section 141 of the General Corporation Law of the State of Delaware (the "DGCL"), hereby consent to and take the actions set forth below. This Consent ("Consent") is given in lieu of a meeting of the Board of Directors, and the actions taken herein are to have the same force and effect as if taken at a meeting at which all of the directors were present. The undersigned, by signing hereunder, expressly waive all notice of a meeting:

**WHEREAS**, the Board of Directors believes it is in the best interest of the Corporation to file a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Court").

**NOW**, **THEREFORE**, **BE IT RESOLVED**, James Davis, PhD, in his capacity as Chief Technology Officer of the Corporation ("Authorized Signatory"), is authorized, empowered and directed for, and in the name of, and on behalf of, the Corporation to execute, deliver and verify or certify a voluntary petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as Authorized Signatory shall determine;

**RESOLVED FURTHER**, that Authorized Signatory is authorized, empowered and directed for, and in the name of, and on behalf of, the Corporation to execute and file all petitions, schedules, lists, pleadings, documents, reports and other papers, and any amendments or modifications of the above, and to take any and all actions that Authorized Signatory may deem necessary, proper or desirable in connection with the Chapter 11 bankruptcy case;

**RESOLVED FURTHER**, that Sternberg, Naccari & White, LLC ("Sternberg") is employed to render legal services to, and to represent the Corporation in connection with the Chapter 11 bankruptcy case as set forth in Sternberg's engagement agreement and any other related matters in connection therewith, on such terms as Authorized Signatory shall approve;

**RESOLVED FURTHER**, that the Corporation shall provide Sternberg with a retainer of $16,738.00, which consists of a legal services retainer of $15,000.00 for Sternberg's attorneys' fees and costs and the applicable Chapter 11 filing fee of $1,738.00;



**RESOLVED**, that Authorized Signatory is authorized, empowered and directed for, on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist in the Corporation's Chapter 11 bankruptcy case on such terms as are deemed necessary, proper or desirable;

**RESOLVED FURTHER**, that Authorized Signatory and any employees or agents (including counsel) designated by or directed by Authorized Signatory are authorized, empowered and directed to cause the Corporation to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities certificates or other documents, and to take such other actions, as in the judgment of Authorized Signatory shall be necessary, proper, desirable and consistent with this Consent and to carry out and put into effect the purposes of this Consent, and the transactions contemplated by this Consent, their authority thereunto to be evidenced by the taking of such actions;

**RESOLVED FURTHER**, that Authorized Signatory is authorized, empowered and directed to cause all fees, costs and expenses related to the consummation of the transactions contemplated by this Consent, which Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of this Consent, the payment of such fees, costs and expenses being conclusive evidence of such authority;

**RESOLVED FURTHER**, that Authorized Signatory is authorized, empowered and directed to execute and deliver any and all documents and instruments deemed necessary or appropriate by Authorized Signatory, and to take any and all such further action, in the name of and on behalf of the Corporation, which Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of this Consent, the signature of Authorized Signatory being conclusive evidence of such authority;

**RESOLVED FURTHER**, that Authorized Signatory is authorized, empowered and directed for, and on behalf of, and in the name of, the Corporation to amend, supplement or otherwise modify from time-to-time the terms of any documents, certificates, instruments, agreements or other writings referred to in this Consent;

**RESOLVED FURTHER**, that all actions heretofore or hereafter taken by Authorized Signatory, any employee or agent (including counsel) of the Corporation within the terms of this Consent are ratified, confirmed, authorized and approved as the act and deed of the Corporation;



**RESOLVED FURTHER**, that Authorized Signatory is hereby authorized and empowered to certify on behalf of the Corporation, as to all matters pertaining to the acts, transactions or agreements contemplated in any of this Consent;

**RESOLVED FURTHER**, that the undersigned members of the Board of Directors acknowledge that Sternberg does not represent them, individually, or in their capacities as officers of directors of the Corporation, but rather that Sternberg represents the Corporation, a separate and distinct juridical person, and thus, it may be in undersigneds' best interests to retain separate legal counsel, individually;

**RESOLVED FURTHER**, that the undersigned members are aware of and acknowledge that they may be the subject of actions under Chapter 5 of Title 11 of the United States Code and/or non-bankruptcy law, and thus, it may be in their best interests to retain legal counsel, individually;

**RESOLVED**, that the undersigned members of the Board of Directors are aware of and acknowledge that the automatic stay under Section 362(a) of the Bankruptcy Code does not extend to them, and thus, (i) creditors may pursue actions against them to the extent they are co-obligors of the Corporation and (ii) if Corporation requests that Sternberg seek an extension of the automatic stay to the undersigned members, the likelihood of obtaining such relief is low because bankruptcy courts historically do not extend the automatic stay to non-debtors outside.

This Consent may be executed in multiple counterparts (including facsimile transmission or by portable document format (PDF) via electronic mail), each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same original.

*[Signatures on the Next Page(s).]*

*[Remainder of this page intentionally left blank.]*



3

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors of Relief Telemed, Inc., a Delaware corporation, have executed this Consent as of the 22nd day of November 2021

**BOARD OF DIRECTORS**:

*James Davis, PhD*
2437A854147A434...

James Davis, Director

*Sean Prados*
8FC7EA2ADD6A464...

Sean Prados, Director

*David Olinde*
D967DF00565943C...

David Olinde, Director

4